IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**********************************

UNITED STATES OF AMERICA

v.

SHANE SMITH,

        Defendant.

**********************************

Case No.   21-CR-00117 (MAD)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced to concurrent terms of imprisonment of 45 months on Counts One and Two of Information 21-CR-00117, and be placed on a term of supervised release for three years.

# I

## INTRODUCTION

On April 26, 2021, pursuant to a written plea agreement, the defendant entered guilty pleas to Counts One and Two of Information (21-CR-00117), in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count One: Possession of Ammunition by a Prohibited Person) and 26 U.S.C. §§ 5841, 5861(d) & 5871 (Count Two: Unlawful Possession of Short Barrel Rifles).  The defendant is scheduled to be sentenced on December 1, 2021.

II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

1. **Statutory Maximum Sentences**

The defendant's conviction for Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), subjects the defendant to a statutory maximum term of 10 years imprisonment, *see* 18 U.S.C. § 924(a)(2); a statutory maximum fine of $250,000.00, *see* 18 U.S.C. § 3571(b), and a statutory maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2). The defendant's conviction for Unlawful Possession of Short Barrel Rifles, in violation of 26 U.S.C. §§ 5841, 5861(d) & 5871, subjects the defendant to a statutory maximum term of 10 years imprisonment, *see* 26 U.S.C. § 5871; a statutory maximum fine of $10,000.00, *see* 26 U.S.C. § 5871, and a statutory maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2).

2. **Guidelines Provisions**

a. **Offense Level**

The government believes that the PSR has correctly scored the offenses of conviction and that the adjusted offense level for Counts One and Two is 22 (*see* PSR ¶ 24).

b. **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

  c. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is four (*see* PSR ¶ 42). The government agrees with the Probation Office's determination of the defendant's criminal history category.

  d. **Guidelines Range and Sentence**

As described above, the total offense level for Counts One and Two is 19, and the criminal history category is four. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of imprisonment in the range of 46-57 months (*see* PSR ¶ 71). The guidelines also call for a term of supervised release between one year and three years, and a fine range of $10,000.00 to $100,000.00 (*see* PSR ¶¶ 77, 83).

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to concurrent terms of imprisonment of 45 months on Counts One and Two, and impose a three year term of supervised release.

The defendant's current criminal conduct, and his past criminal conduct, involve crimes that endanger the public's safety. About five years ago the defendant was convicted and sentenced by this Court for illegally possessing a machinegun (PSR ¶ 39). Despite being a convicted felon who could not lawfully possess any firearms or ammunition, and while on

supervised release, the defendant unlawfully possessed hundreds of rounds of ammunition along with five home-built firearms, two of which had unlawfully shortened barrels (PSR ¶ 6).  The defendant has a clear passion for firearms and, perhaps due to his immaturity or lack of will, chooses to follow his passion instead of the law.

The sentence recommended by the government not only punishes the defendant for his crime, but it will protect society, and hopefully deter him from violating the law in the future.   The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

Finally, "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").  Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."  *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1]   The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   See   Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 8th day of November, 2021,

                        CARLA B. FREEDMAN
                        UNITED STATES ATTORNEY

By:      *Richard D. Belliss*
          Richard D. Belliss
          Assistant United States Attorney
          Bar Roll No. 515295